JOSEPH M. VITO, Respondent, v. GENERAL MUTUAL INSURANCE COMPANY, Appellant.

Third Department, January 17, 1962.

290

[redacted]

*Donohue & Bohl* (*Paul F. Donohue* of counsel), for appellant.

*Oppenheim & Oppenheim* (*Morris M. Oppenheim* of counsel), for respondent.

REYNOLDS, J.  The sole question presented on this appeal is whether a public liability policy issued by appellant to Roy's Gas and Fuel Oil Service in April, 1956 affords coverage for personal injuries sustained by respondent, a customer of the insured. During the term of the policy the insured verbally agreed to service respondent's propane tanks, to examine them from time to time and to keep them properly filled with propane.  An explosion occurred which a jury found to be caused by the insured's negligence in failing to inspect and properly service the installation of the propane gas in that the supply was allowed to get too low so that the pilot went out and an amount of gas accumulated which exploded when respondent attempted to light the range with a match.  The judgment was not appealed nor was it paid and respondent commenced the present action under section 167 of the Insurance Law to compel appellant to satisfy the judgment.  Appellant denies coverage under the terms of the policy.

The policy provides coverage under division 1, entitled "Premises — Operations — Locations" for: "Liquefied Petroleum Gas Distributing — including installation, servicing and repair of liquefied petroleum gas systems, piping and customers' equipment with or without filling of containers (distribution of gas by pipe line, gas mains or piping to be separately rated)".

Division 1 is defined under the policy as follows: "Premises — Operations — Locations.  The ownership, maintenance or use

of the premises disclosed in the Declarations and the operations occurring during the policy period which are necessary or incidental thereto, including accidents (except accidents due to misdelivery) which occur after completion or abandonment of such operations and which arise out of pick up or delivery operations or the existence of tools, uninstalled equipment and abandoned or unused materials." This definition is subject to certain " Specific Exclusions " of which the following is here pertinent: " (g) for operations, if the accident occurs after such operations have been *completed* or abandoned at the place of occurrence thereof and away from premises owned, rented or controlled by the Insured, except (i) pick up and delivery operations, and (ii) the existence of tools, uninstalled equipment and abandoned or unused materials. *Operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to a service or maintenance agreement.*" (Emphasis added.)

Appellant urges that the exclusion clause eliminates coverage under division "1" except for operations in progress, i.e., while the assured is actually engaged in the installation, servicing. or repairing of the gas system. While we agree with appellant's contention that this is not the situation where the exclusion if strictly construed would eliminate all coverage (*D'Agostino Excavators* v. *Globe Ind. Co.*, 7 A D 2d 483) we find that exclusion is equally susceptible to a construction which would here afford coverage. As pointed out by the Special Term, under the service contract here involved the " operations are not complete since further operations are constantly required pursuant to the service agreement to keep the customer's containers filled." Thus the responsibility incurred under the instant service contract differs from that where for example machinery is sold and installed and the vendor agrees to service or maintain the machinery, *if necessary*, for a stated period. (See *Berger Bros. Elec. Motors* v. *New Amsterdam Cas. Co.*, 293 N. Y. 523.) It is liability arising in the latter type of situation to which we find the exclusion to be directed rather than that here involved. Such a construction is more consistent with the entire scope of the operations contemplated. The burden is on appellant to establish that " the words and expressions used not only are susceptible to that construction but that it is the only construction that can fairly be placed thereon." (*Hartol Prods. Corp.* v. *Prudential Ins. Co.*, 290 N. Y. 44, 49.) Appellant has not met this burden (*Janneck* v. *Metropolitan Life Ins. Co.*, 162 N. Y. 574).

Additionally we find that division " 3 ", entitled " Products and Completed Operations " affords coverage in the instant case. Division " 3 " reads as follows:

" (a) The handling or *use of* or *the existence of any condition in goods or products* manufactured, sold, handled or distributed by the Named Insured, if the accident occurs after the Insured has relinquished possession thereof to others and away from premises owned, rented or controlled by the Insured; (emphasis added)

" (b) Operations (other than pick up and delivery operations and the existence of tools, uninstalled equipment and abandoned or unused materials), if the accident occurs after such operations have been completed or abandoned at the place of occurrence thereof and away from premises owned, rented or controlled by the Insured."

While admittedly the indorsement indicates that only products liability is covered under this division, we believe that the broad coverage afforded under this division would apply to the instant accident. A defective condition in the product at the time of installation is not a prerequisite to coverage under the terms of the insurance contract. The explosion is attributable to the " use of " the propane and to the combustible nature thereof, thus falling under the first portion of subdivision (a) of division " 3 ", and clearly occurred after the insured had " relinquished possession thereof to others and away from the premises owned, rented or controlled by the Insured." While failure properly to service the installation precipitated the accident, this pre-existing negligence does not here negate the products liability coverage.

In construing the coverage afforded under an insurance policy " ' the reasonable expectation and purpose of the ordinary business man ' in making the contract " must be considered (*Harris* v. *Allstate Ins. Co.*, 309 N. Y. 72, 75). The insured was selling highly combustible liquid petroleum gas products and servicing installations of such products on a continuous basis. Under such circumstances an ordinary business man would expect that the instant policy would protect him against the liability here involved.

The order and judgment should be affirmed, with costs.

BERGAN, P. J., COON, GIBSON and HERLIHY, JJ., concur.
Order and judgment affirmed, with costs.